**Mary FANT, Etc., Plaintiff,**

v.

**Grady STUMBO, Defendant.**

**No. 81–68–L(B).**

United States District Court,
W.D. Kentucky,
Louisville Division.

Nov. 8, 1982.

Richard McHugh, Barry Master, Legal Aid Society, Louisville, Ky., for plaintiff.

Stanley A. Stratford, Kay Sauer, Ky. Dept. for Human Resources, Frankfort, Ky., for defendant.

---

## MEMORANDUM AND ORDER

BALLANTINE, District Judge.

This matter is before the Court on the motion of defendant to dismiss as moot and on the motion of the plaintiff for injunctive or declaratory relief.

Plaintiff filed this action seeking to enjoin the adoption of an administrative regulation by which transportation of Medicaid recipients for treatment would be limited to four trips per month. There were exceptions to the regulation. For instance, persons receiving critical life-support treatment such as renal dialysis or chemotherapy were to be exempt. Further, in households where two or more persons were receiving treatment, a total of six trips per month per household would be authorized.

On February 18, 1981, the Court preliminarily enjoined the adoption of the proposed regulation.

Defendant argues that he has now withdrawn the proposed regulation and, thus, the matter is moot. Plaintiff counters with the assertion that the matter is not moot since a dismissal would permit defendant to resubmit his proposed regulation to the Legislative Research Commission or to submit a new regulation which may or may not comport with 42 C.F.R. Section 431.53:

"A State plan must—

(a) Specify that the Medicaid agency will assure necessary transportation for recipients to and from providers; and

(b) Describe the methods that will be used to meet this requirement."

"It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. Such abandonment is an important factor bearing on the question whether a court should exercise its power to enjoin the defendant from renewing the practice, but that is a matter relating to the exercise rather than the existence of judicial power.[10] In this case the City's repeal of the objectionable language would not preclude it from reenacting precisely the same provision if the District Court's judgment were vacated.

[10] 'The test for mootness in cases such as this is a stringent one. Mere voluntary cessation of allegedly illegal conduct does not moot a case; if it did, the courts would be compelled to leave "[t]he defendant ... free to return to his old ways." *United States v. W.T. Grant Co.*, 345 U.S. 629, 632 [73 S.Ct. 894, 897, 97 L.Ed. 1303] (1953); see, *e.g.*, *United States v. Trans-Missouri Freight Assn.*, 166 U.S. 290 [17 S.Ct. 540, 41 L.Ed. 1007] (1897). A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur ....'."

*City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289, 102 S.Ct. 1070, 1074, 71 L.Ed.2d 152 (1982).

With this guidance, we examine the controversy before us. It cannot be seriously argued that the Secretary of the Department of Health and Human Services is not empowered to adopt regulations such as Section 431.53 quoted above, 42 U.S.C. Section 1302, and that the administrative interpretation of the Medicaid Act is entitled to great deference. *Griggs v. Duke Power Co.*, 401 U.S. 424, 433, 91 S.Ct. 849, 854, 28 L.Ed.2d 158 (1971).

The pivotal word in the regulation is "necessary." At the hearing on the application for a preliminary injunction there was an abundance of evidence to support the conclusion that the arbitrary 4-trip limit would effectually deny necessary medical treatment to an undetermined number of Medicaid recipients. For example, plaintiff suffers from myriad medical disabilities, any one of which may very well require more than 4 trips per month. It was further well established that plaintiff has no other means of transportation to secure medical treatment except that offered by defendant.

Another witness-recipient, Sandra Benningfield, is afflicted with cerebral palsy and receives therapy four times per week. Testimony at the hearing established beyond cavil that the severe limitation proposed by defendant would have a catastrophic effect on Ms. Benningfield, both from a physical and an emotional standpoint. The evidence further demonstrated

that Ms. Benningfield's mother does not drive and that her father's job prevents his driving her to and from Bridgehaven where she receives therapy.

"Although participation in the Medicaid program is entirely optional, once a state elects to participate it must comply with the requirements of Title XIX." *Harris v. McRae,* 448 U.S. 297, 301, 100 S.Ct. 2671, 2680, 65 L.Ed.2d 784.

■ Having elected to participate in the Medicaid program, defendant may not, by regulation, frustrate the plain language of the statutory and regulatory scheme. To permit evasion of the requirements of the Act would allow the state agency to rewrite Congressionally mandated standards and render the Medicaid program totally meaningless. See Judge Frank Johnson's opinion in *Alabama Nursing Home Asso. v. Califano,* 433 F.Supp. 1325 (M.D.Ala.1977).

■ While plaintiff's claim for injunctive relief is arguably moot, her claim for declaratory relief is not. Were we to dismiss her claim for declaratory relief, we would open the gates for repetition and, at the same time, permit evasion of review. See *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973).

■ We conclude our consideration by determining that any regulation which seeks to limit transportation for *necessary* medical treatment is contrary to the federal statutes and regulations and is thus invalid.

We further conclude that defendant's motion to dismiss must be denied and that this matter shall be retained on the Court's docket for further consideration of proposed regulatory filings.